LDA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

CA 07 267

| | | |
|---|---|---|
| EDUCATIONAL CREDIT MANAGEMENT CORPORATION, *Plaintiff*, | ) | |
| v. | ) | C.A. No. 07-_____ |
| COOL AIR CREATIONS, INC., *Defendant*. | ) | |

## COMPLAINT

Plaintiff, Educational Credit Management Corporation ("ECMC"), for its Complaint against Defendant Cool Air Creations, Inc., hereby alleges as follows:

## PARTIES

1. ECMC is a private, non-profit Minnesota corporation and guaranty agency and, pursuant to 20 U.S.C. § 1095a and 34 C.F.R. § 682.410 (b)(9), has the authority to pursue this lawsuit.

2. Defendant is a Rhode Island corporation with a principal place of business at 150 Hamlet Avenue, Woonsocket, RI 02895.

## JURISDICTION

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question), as a civil action arising under 20 U.S.C. § 1095a(a)(6) and 34 C.F.R. § 682.410(b)(9)(i)(F).

## VENUE

4. Because the Defendant is a corporation in Providence County, Rhode Island, venue for this action is proper in this District pursuant to 28 U.S.C. § 1391(c).

## FACTUAL ALLEGATIONS

5. Under Title IV, Part B, of the Higher Education Act of 1965 ("HEA"), Congress enacted a program in which the federal government encouraged the making of loans by private lenders to help fund eligible students' post-secondary education. *See* 20 U.S.C. §§ 1071(a), 1085(d). The federal government encourages the making of these loans by having the U.S. Secretary of Education ("Secretary") pay part of the student's interest and costs, and guaranteeing repayment of the loan if the student defaults. *See* 20 U.S.C. § 1078(a),(c). This program is presently known as the Federal Family Education Loan Program ("FFELP").

6. To assist the Secretary in implementing and operating the FFELP, the HEA provides that the Secretary may enter into agreements with guaranty agencies. *See* 20 U.S.C. §1085(j). A guaranty agency guarantees payment of a loan made by an eligible lender and pays the holder of the loan if the student defaults. The Secretary thereafter reimburses the guaranty agency for all or part of these payments under a re-insurance agreement with the agency. *See* 20 U.S.C. § 1078(c). Guaranty agencies also receive funds to administer the FFELP on behalf of the Secretary, including collecting defaulted student loans for which the guaranty agency has paid the holder and received reimbursement from the Secretary. *See* 20 U.S.C. § 1078(c)(2). When a guaranty agency collects money on a defaulted student loan, it sends the majority of the money to the Secretary and retains a portion to defray costs of collection. *See* 20 U.S.C. § 1078(c)(2)(D).

7. To assist the Secretary and the guaranty agencies in collecting defaulted student

loans, in 1991, Congress gave guaranty agencies the authority to administratively issue orders to defaulted borrowers' employers requiring them to withhold up to fifteen percent (15%) of the disposable income of these borrowers. *See* 20 U.S.C. § 1095a; 34 C.F.R. § 682.410(b)(9); 34 C.F.R. § 682.410(b)(9)(i)(A). This section explicitly preempts state laws and sets forth procedures for providing students with due process, including prior notice of the agency's intent to withhold, a hearing if requested, and the issuance of a Withholding Order. *See* 20 U.S.C. § 1095a(a), (b). This section also provides that guaranty agencies may sue employers who do not deduct and pay over as directed in the Withholding Order. *See* 20 U.S.C. § 1095(a)(6); 34 C.F.R. § 682.410(b)(9)(i)(F)

8. ECMC is a guaranty agency under the FFELP.

9. Robin Salvas ("Borrower") owes a student loan debt to ECMC that is in default.

10. On or about August 8, 2006, ECMC served Borrower with the required thirty (30) day Notice of Intent to Initiate Withholding Proceedings. A true and correct copy of the Notice is attached as Exhibit A.

11. Because the Borrower did not request a hearing under 20 U.S.C. § 1095a(a)(5)(b), ECMC issued a Withholding Order on or about September 14, 2006. A true and correct copy of the Withholding Order is attached as Exhibit B.

12. No representative or officer of the Defendant contacted ECMC regarding the Withholding Order, and Defendant did not remit any of the Borrower's wages in accordance with the Withholding Order. Therefore ECMC sent Defendant a subsequent notice on or about November 14, 2006 requesting compliance with the Withholding Order. A true and correct copy of the subsequent notice is attached as Exhibit C.

13. On or about April 5, 2007, ECMC sent Defendant a demand letter further requesting compliance with the Withholding Order. A true and correct copy of the letter is attached as Exhibit D.

14. Defendant has, at all relevant times, refused to comply with the Withholding Order.

**VIOLATION OF 20 U.S.C. § 1095a**

15. Based on the foregoing, Defendant is in violation of 20 U.S.C. § 1095a and applicable regulations, which provide that guaranty agencies, such as ECMC, may administratively garnish up to fifteen percent (15%) of the disposable earnings of defaulted student loan borrowers by issuing a Withholding Order to the borrower's employer.

16. Because Defendant has failed to comply with the Withholding Order, Defendant, pursuant to 20 U.S.C. § 1095a(a)(6), is liable for any and all amounts it failed to withhold following receipt of the Withholding Order.

17. The amount due to ECMC is either fifteen percent (15%) of Borrower's disposable earnings, or such lesser amount, as required by 15 U.S.C. § 1673, from the date of Defendant's receipt of the Withholding Order to the date Borrower ceases to be employed by Defendant or the date this court enters judgment.

18. Pursuant to 20 U.S.C. § 1095a(a)(6), ECMC is entitled to its attorneys' fees and costs associated with pursuing this action and, in the Court's discretion, punitive damages.

**INJUNCTION**

19. Based on Defendant's continuing refusal to comply with the terms of the Withholding Order, ECMC seeks a mandatory injunction requiring Defendant to withhold and

remit fifteen percent (15%) of Borrower's disposable earnings, or the amount required under 15 U.S.C. § 1673, if less, until Borrower's student loan debt is paid in full or Borrower terminates her employment with Defendant, whichever occurs earlier.

20. ECMC does not have an adequate remedy at law to prevent the multiplicity of lawsuits that would result from a continuing violation of 20 U.S.C. § 1095a by Defendant and, thus, is entitled to injunctive relief in addition to damages for Defendant's past violations.

WHEREFORE, ECMC respectfully requests this Court grant ECMC:

1. An injunction requiring the appropriate amount of money to be withheld from Borrower's wages and remitted to ECMC until Borrower's defaulted student loan debt is either paid in full or she no longer works for Defendant;

2. Damages in the amount that Defendant should have withheld from Borrower's wages;

3. Attorneys' fees and costs;

4. Punitive damages;

5. Pre and post-judgment interest on this amount, as allowed by law; and,

6. Such other relief as the Court deems appropriate.

July 13, 2007

**EDUCATIONAL CREDIT MANAGEMENT CORPORATION,**

By its Attorneys,

Brian J. Lamoureux (#6211)
Brown Rudnick Berlack Israels LLP
121 South Main Street
Providence, RI 02903
401 276 2600
401 276 2601 Facsimile
bjl@brownrudnick.com